UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-23205-CIV-HIGHSMITH/MCALILEY

JUAN AGUIRRE,

       Plaintiff,

v.

CITY OF MIAMI,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO
TAX COSTS AND VERIFIED PETITION FOR ATTORNEY'S FEES**

      Pending before this Court is Plaintiff's Motion to Tax Costs [DE 103] and Verified Petition for Attorney's Fees [DE 109]. Plaintiff petitions to recover his attorneys' fees from Defendant pursuant to 42 U.S.C. § 12205, and Fla. Stat. § 760.11, and to recover his costs pursuant to Fed.R.Civ.P. 54(d)(1). The motion and petition were referred to the undersigned by the Honorable Shelby Highsmith. [DE 113].

**I.     Background**

      Before he filed this lawsuit Plaintiff, Juan Aguirre, was employed by Defendant, the City of Miami, as a police officer. During his employment, Plaintiff was subpoenaed to testify at the trial of a lawsuit brought against the police department under the Americans with Disabilities Act (ADA). According to Plaintiff, his testimony was favorable to the plaintiffs in that lawsuit, and as a result the City retaliated against him in his employment, which led Plaintiff to file this lawsuit against the City for damages under the anti-retaliation

provisions of the ADA, 42 U.S.C. § 12182 and 12203(a), and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760 *et seq.* [DE 1]. The Court denied the City's motion for summary judgment [DE 51] and the case proceeded to trial. On July 26, 2007, a jury returned a verdict in favor of Plaintiff on all counts, and in a special verdict form found, *inter alia,* that the City engaged in adverse employment actions against Plaintiff that were causally related to his statutorily-protected activity, and that the City denied Plaintiff the opportunity to work off-duty jobs and constructively discharged Plaintiff from his employment. The jury awarded Plaintiff three categories of damages: $5,500 for lost off-duty jobs, $5,000 for emotional pain and mental anguish and $235,000 for lost wages and benefits caused by his constructive discharge. [DE 86].

Thereafter, the City challenged the jury's finding that Plaintiff had been constructively discharged, and moved for a judgment as a matter of law on that issue. The Court found that too much time had elapsed between the City's adverse actions and Plaintiff's resignation to satisfy the test for constructive discharge, and on that basis granted the City's motion, although apparently reluctantly. [DE 95]. Accordingly, Plaintiff's damages were substantially reduced, and judgment was entered for him in the amount of $10,500.00. [DE 99].

Plaintiff seeks attorneys' fees in the amount of $189,287.50,[1] plus enhancement, for

---

[1] In his Motion, Plaintiff does not identify the specific amount of attorneys' fees he seeks. This Court multiplied the requested hourly rate for his counsel, Michael B. Feiler and Martin E. Leach, of $475.00, by the requested 398.5 hours of legal work, to determine the amount of $189,287.50. [DE 109-1, p. 6; DE 118-1, p. 3].

2

398.5 hours of legal work [DE 109-1, p. 6-7; 118-1, p. 3], and costs in the amount of $3,237.60 [DE 103]. Plaintiff initially sought attorneys' fees for 419.1 hours of legal representation, including the time his attorneys devoted to the petition for fees. [DE 109-1, p. 7]. In his Reply, however, Plaintiff concedes that his counsel's billing records erroneously included 18 hours for a fifth day of trial that never took place,[2] and 2.6 hours for a second lawyer's attendance at calendar call;[3] he therefore deleted these entries from his fee petition. [DE 118-1, p. 3].

## II. Analysis

### A. Attorneys' Fees

Plaintiff claims entitlement to attorneys' fees under the ADA, 42 U.S.C. § 12205, and the FCRA, Fla. Stat. § 760.11,[4] which provide for an award of attorneys' fees to the prevailing party. Specifically, the ADA states: "[i]n any action or administrative proceeding commenced pursuant to [the provisions of the ADA], the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs . . . ." 42 U.S.C. § 12205; *See also Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). Similarly, the FCRA states: "[i]n any action or

---

[2] Specifically, Plaintiff erroneously billed for 9 hours for lead counsel, Mr. Feiler, and 9 hours for second chair counsel, Mr. Leach, on July 27, 2007. [DE 109-3, p. 23].

[3] The calendar call took place on July 13, 2007. [DE 109-3, p. 21].

[4] In his Petition, Plaintiff also asserts, without any explanation or further discussion, that he is entitled to recover under the attorneys' fees provision of Title VII pursuant to 42 U.S.C. § 2000e-5. [DE 109-1, p. 3]. Plaintiff, however, made no claim under Title VII and he therefore has no entitlement to fees under that statute.

3

proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the cost. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." Fla. Stat. § 760.11(13); *See also Winn-Dixie Stores, Inc. v. Reddick*, 954 So.2d 723, 726-27 (Fla. 1st DCA 2007).

It is undisputed that Plaintiff brought his claims to recover damages under the anti-retaliation provisions of the ADA and the FCRA and that he is the prevailing party. Thus, Plaintiff is entitled to recover his reasonable fees. The determination of what fees are reasonable under the ADA and the FCRA is the same: the starting point is to multiply the number of hours reasonably expended by a reasonable hourly rate, resulting in a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This lodestar may then be adjusted under certain circumstances. *Id., see also Blum v. Stenson*, 465 U.S. 886, 897 n.14 (1984). The moving party bears the burden of providing the court with sufficiently detailed records so that the court can assess the time claimed for each activity, and must provide information that supports the proposed hourly rate for its counsel. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

    **1.**    **Reasonable hourly rate**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Id.* at 1299. Plaintiff seeks an hourly rate of $475 for his counsel, Mr. Feiler and Mr. Leach.

In evaluating the reasonableness of this rate, this Court reviewed the qualifications of Plaintiff's counsel [DE 109-4], the Affidavit of Robert L. Parks filed in support of the petition for fees [DE 109-4], the Affidavit of Michael Fertig filed in opposition to the petition for fees [DE 116-2], and the record in this action.

Mr. Feiler has been practicing law since 1992 and attests that he has tried approximately 50 civil jury trials to verdict, including as least twelve employment and civil rights cases in this District. [DE 109-4, pp. 2-3]. Mr. Leach has been practicing law since 1994 and has tried approximately 25 civil jury trials, including twelve employment and civil rights cases in this District. [DE 109-4, p. 5]. In their affidavits in support of Plaintiff's petition for fees, Messrs. Feiler and Leach attest that they generally work on a contingency fee basis, but do some hourly work and charge between $300 and $500 per hour. [DE 109-4, pp. 3, 6]. Mr. Feiler did reference two prior fee awards, one court-ordered and one stipulated, of $325 and $375 per hour, and Mr. Leach identified an earlier court-ordered fee award of $375 per hour. [*Id.*].

While the affidavit of Plaintiff's expert supports the requested hourly rate, the affidavit of the City's expert supports a finding that an hourly rate between $325 and $375 for Plaintiff's counsel is reasonable. Plaintiff supports his position with a *Daily Business Review* article that reports that partners in South Florida typically charge from $330 to $600 per hour. [DE 109-4]. This is a broad range of hourly rates, and gives no indication what hourly rates are typically charged by lawyers of reasonably comparable skills, experience and reputation in matters of this kind. *Norman,* 836 F.2d at 1299. By comparison, not long

5

ago another division of this Court held, on a motion for fees under the ADA, that based on its own "experience and knowledge of prevailing market rates for similar services in the South Florida legal community, ... an hourly rate of $295 ... is reasonable and appropriate." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp.2d 1346, 1350-51 (S.D.Fla. 2006). Pulling together all this information, and mindful of the fact that counsel began representing Plaintiff in 2003 when legal fees were somewhat less than they are today, this Court concludes on this record that an hourly rate of **$350.00** is reasonable for Mr. Feiler and Mr. Leach in this matter. *See Loranger*, 10 F.3d at 781 (the court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience . . .").

### 2. Hours reasonably expended

The second half of the lodestar equation is the hours reasonably expended. Plaintiff asserts that his counsel spent a total of 398.5 hours litigating this matter, including the time devoted to preparing the petition for fees.[5] The City makes two challenges to the hours Plaintiff seeks to recover.

First, the City asks the Court to not permit Plaintiff to recover for the time his lawyers devoted to their "unsuccessful claim for constructive discharge." [DE 116, p. 5]. In making this argument the City relies upon the principle that "'[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent

---

[5] Counsel's time preparing a motion for fees is recoverable under the ADA. *See Johnson v. Univ. of Alabama*, 706 F.2d 1205, 1207 (11th Cir. 1983) (federal law allows a party to recover fees for time spent litigating fees).

on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.'" *Goldsmith v. Bagby Elevator* Co., 513 F.3d 1261, 1292 (11th Cir. 2008) (quoting *Hensley,* 461 U.S. at 440).

The City's position fails for several reasons. Most importantly, the City is incorrect when it characterizes constructive discharge as a distinct claim. The two claims Plaintiff brought in this lawsuit were for retaliation: one under the ADA, and the other under the FCRA. In both, Plaintiff alleged that the City retaliated against him because of his testimony in the prior ADA lawsuit by engaging in certain adverse employment actions, one of which was his constructive discharge. It is worth noting that earlier in this lawsuit in its motion for summary judgment, the City correctly characterized Plaintiff's allegation of constructive discharge as an adverse employment action. [DE 33, pp. 4, 8]. This Circuit has expressly held that constructive discharge can be an adverse employment action under the ADA and other employment statutes. *See Durley v. APAC, Inc.,* 236 F. 3d 651, 658 (11th Cir. 2000) (in action for retaliation for filing an EEOC charge of discrimination in violation of the ADA and Title VII, the "adverse employment action of which [Plaintiff] complains is constructive discharge"); *Poole v. Country Club of Columbus, Inc.,* 129 F. 3d 551, 553 n.2 (11th Cir. 1997) (in ADEA action the Court noted: "Constructive discharge qualifies as an adverse employment decision.").

The jury in this case found, as reflected in its special verdict, that the City engaged in at least two forms of adverse employment action: Plaintiff was denied the opportunity to work off-duty jobs, and he was constructively discharged. The jury also found that different

7

damages flowed from these adverse employment actions. [DE 86]. Later, the Court entered judgment as a matter of law, vacating the jury's award of damages for constructive discharge, finding that too much time had elapsed between the City's adverse actions and Plaintiff's resignation, to qualify as constructive discharge. [DE 95]. Although his damages were substantially reduced, Plaintiff nevertheless prevailed on his two retaliation claims.

The City's position also fails because the evidence Plaintiff marshaled to establish constructive discharge was the same, in large measure, as the evidence Plaintiff presented to otherwise establish other forms of adverse employment actions by the City and to demonstrate the City's retaliation. Under these circumstances it would be inappropriate to reduce Plaintiff's counsel's hours because they did not prove constructive discharge. *See Goldsmith*, 513 F.3d at 1292 (Recognizing that the evidence supporting the plaintiff's successful claim of retaliation was so inextricably intertwined with evidence supporting his other claims, the Eleventh Circuit upheld the district court's refusal to reduce the amount of attorneys' fees and costs. "'Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.'" (quoting *Hensley*, 461 U.S. at 440)).

The City also challenges the hours of legal work Plaintiff seeks to recover by singling out time entries that total 46.1 hours, which the City contends should be reduced to 11.2 hours. [DE 116-1, pp. 3-4; DE 116-2]. Prevailing parties may not recover for time that was "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301. This Court has reviewed the time entries the City disputes, and finds that nearly all were reasonably

8

incurred by Plaintiff's counsel. As noted above, Plaintiff withdrew his request for fees for 20.6 of those 46.1 hours. Of the remaining hours the City contends should be reduced, the Court does agree that the following 2.5 hours are excessive, redundant or unnecessary, and should be eliminated from the lodestar calculation.

| Date | Description | Hours Billed | Recoverable Hours | Recommended Reduction |
|---|---|---|---|---|
| 1/05/05 | Receipt & review facsimile Return of Service upon Mayor Manny Diaz for the City of Miami | .2 | .1 | .1 |
| 03/11/05 | Receipt & review facsimile Order of Referral to Mediation | .5 | .1 | .4 |
| 08/15/05 | Receipt & review Subpoena Duces Tecum Without Deposition (Mail In) upon: Idelfonso Mas; Dr. Robert Ciccia-Maclean; Sol Colsky; FOP Health Trust; Dr. Shapiro's Hair Institute | 1 | .3 | .7 |
| 07/18/07 | Receipt & review electronic mail from Ms. Cosgrove regarding Agreed Exhibits and Exhibit Books | .3 | .1 | .2 |
| 07/18/07 | Receipt & review electronic mail from Ms. Cosgrove regarding Witness List in compliance with FRCP form | .3 | .1 | .2 |
| 07/18/07 | Receipt & review Order Denying Motion in Limine to Exclude Compensatory Damages Evidence and Strike Claim for Jury Trial | 1.2 | .6 | .6 |

| 10/04/07 | Dictation and preparation of Plaintiff's Second Request for Production Regarding Billing materials | .7 | .4 | .3 |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  | Total Recommended Reduction: | 2.5 |

When the Court excludes these 2.5 hours, **396** hours of legal work remain for which Plaintiff may recover attorneys' fees. Accordingly, **the lodestar** is 396 hours multiplied by $350, which equals **$138,600.00**.

### 3. Adjustment of the Lodestar

Plaintiff argues that the lodestar should be enhanced, while the City argues, conversely, that the Court should reduce it. The court may adjust the lodestar to "reach a more appropriate attorney's fee, based on a variety of factors . . . ." *Ass'n of Disabled Americans*, 469 F.3d at 1359 (citing *Hensley*, 461 U.S. at 435-36). The Supreme Court has directed that the "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. In addition, courts may continue to consider the factors[6] articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), when determining

---

[6] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Ass'n of Disabled Americans*, 469 F.3d at 1359, n. 1 (citing *Johnson*, 488 F.2d at 717-19).

whether the lodestar should be adjusted upward or downward, "although many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Hensley,* 461 U.S. at 434, n. 9. After careful review of the record, and, in particular, the results obtained by Plaintiff, this Court recommends that the lodestar be adjusted downward by fifteen percent.

Plaintiff seeks an enhancement of the fee award on the basis of: (1) the high degree of skill required to perform the legal services; (2) the preclusion of employment due to the acceptance of the case; (3) the contingent/statutory fee arrangement; (4) the undesirability of the case; (5) favorable results; and (6) delay in payment. [DE 109-1, pp. 8-9]. Specifically, in support of an enhancement Plaintiff argues that the case "required a high degree of skill" because the City's witnesses were "recalcitrant" and "had to be repeatedly impeached," there was a large amount of information that had to be distilled and streamlined and "the case was presented in a crisp and concise fashion." [DE 109-1, p. 8]. Plaintiff further argues that the time his counsel spent litigating this matter precluded them from accepting "several cases," and because of the contingent/statutory fee arrangement his counsel financed the case and, therefore, "bore the entire risk of the matter." [*Id*]. Plaintiff asserts that the case was undesirable because "the damage amount sought was relatively low, especially compared to the labor required; the liability question was close; and the case was high profile and politically unpopular . . . ." [*Id.*]. Plaintiff states that he achieved favorable results: he "prevailed on both counts; the City changed its policies; and the case was featured in television and print news . . . ." which will help deter this type of misconduct in the future.

11

[*Id.*, pp. 8-9]. Finally, Plaintiff claims that "at the very least, delay in payment (in this case, four years from the date of the claim's accrual) mandates upward adjustment." [*Id.*, p. 9]. Plaintiff does not request a specific enhancement amount, but suggests the Court employ the "prime rate method," or enhance the award by a percentage. [*Id.*, p. 10].

There is a strong presumption that the lodestar amount represents a reasonable attorneys' fee and the burden is on the fee applicant to show that "such an adjustment is *necessary* to the determination of a reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (emphasis in original) (quoting *Blum,* 465 U.S. at 898). Plaintiff has failed to meet this burden. This Court's determination of the lodestar is based, in part, upon consideration of the difficulty of the case in light of Plaintiff's counsel's experience and skill. Therefore, Plaintiff's first argument for enhancement, the high degree of skill required by his counsel, has been subsumed in the initial calculation of the lodestar. Moreover, an enhancement is not permitted unless there is "specific evidence in the record to show that the quality of the representation was superior to that which one would reasonably expect in light of the rates claimed." *Norman*, 836 F.2d at 1302. Plaintiff's counsel's representation was of high quality, which is what this Court expects of counsel compensated at $350 per hour.

Plaintiff's remaining grounds for enhancement are equally unpersuasive. Preclusion of employment is also subsumed in the calculation of the lodestar. Furthermore, Plaintiff rightly concedes that "[c]ontingency is no longer a reason, in and of itself, to enhance . . . ." [DE 109-1, p. 9, n.5]. *Burlington*, 505 U.S. at 567. With respect to Plaintiff's fourth, fifth and sixth arguments for enhancement, he has not demonstrated that this case was

12

exceptionally undesirable, or that the favorable results or asserted delay in payment warrant enhancement. In sum, Plaintiff has presented no evidence to show that enhancement is "necessary" to the determination of a reasonable fee, therefore, this Court does not recommend that the lodestar be enhanced.

For its part, the City argues that the lodestar must be reduced to reflect Plaintiff's partial success. The City focuses on Plaintiff's ultimate loss of the substantial damages the jury awarded for his constructive discharge, which left Plaintiff with a $10,500 judgment. The City urges that the attorneys' fees sought by Plaintiff are excessive in light of this award.

The Supreme Court, in *Hensley*, has held that were a plaintiff has achieved partial or limited success, the court must consider whether the lodestar represents an excessive amount of fees. 461 U.S. at 436. Following *Hensley*, this Circuit addressed the adjustment that may need to be made for prevailing parties that achieve a partial success:

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised.

*Norman*, 836 F. 2d at 1302 (citations omitted).

Here, Plaintiff received a verdict in his favor on both retaliation claims, but recovered only a small portion of the damages he sought. Lawsuits brought to enforce the ADA are

13

recognized as civil right actions, *see e.g., Hansen*, 420 F. Supp at 1349, and this Circuit has held that a plaintiff's success in a civil rights action is measured not just by the recovery of monetary damages, but also by the plaintiff's vindication of a civil right, as "a public benefit inures when a plaintiff prevails against a public body in civil rights litigation." *Villano v. City of Boynton Beach*, 254 F. 3d 1302, 1306 (11th Cir. 2001). Thus, when considering an adjustment to the lodestar in cases of this kind, courts must weigh both the relative importance of the money damage award and the public benefit of the verdict for the plaintiff. *Id*. at 1306-08.

In this case there can be no doubt that Plaintiff had very limited success in his efforts to recover money damages. If this were the only measure of his success, the lodestar amount (here, $138,600) would be excessive. Plaintiff, however, was fully successful in vindicating his right under the ADA and the FCRA, to be free from retaliation. In proving the City's retaliation, Plaintiff's various theories of adverse employment actions, and resulting damages, all arose from a "common core of operative facts." *Norman,* 836 F.2d at 1302. Put differently, the evidence Plaintiff marshaled to demonstrate his constructive discharge was, in large measure, evidence he needed to establish other forms of adverse employment actions by the City. This Court recognizes that had Plaintiff not pursued his theory of constructive discharge, this necessarily would have reduced in some measure the legal fees incurred by his counsel. This differential, however, does not appear to be great. Moreover, Plaintiff and his counsel can not be faulted for attempting to recover these damages, where their effort survived summary judgment, was adopted by the jury, and was only reluctantly

14

rendered unsuccessful by the Court in its judgment notwithstanding the verdict.

Thus, balancing these various considerations, and having considered the unique circumstances of this case, this Court concludes that a relatively modest reduction of the lodestar, of fifteen percent, will result in an award of fees that fairly accounts for the results obtained by Plaintiff. Therefore, this Court recommends that Plaintiff be awarded attorneys' fees in the amount of **$117,810.00.**

**B.    Costs**

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to recover costs as a matter of course, while 28 U.S.C. § 1920 enumerates the costs that may be taxed. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (noting that the court "abuses its discretion if it awards costs pursuant to Fed. R. Civ. P. 54 in excess of those permitted by Congress under 28 U.S.C. § 1920"). As noted above, Plaintiff is indisputably the prevailing party. Thus, the only issue is the amount of costs to be awarded.[7]

---

[7] Local Rule 7.3(C) states that a "bill of costs should attach copies of any documentation showing the amount of costs." The invoices Plaintiff provides are not consistent with the amounts Plaintiff lists on his Bill of Costs [*see* DE 103-2]. However, the City reviewed Plaintiff's Bill of Costs and in its Response [DE 106] only challenges the fees for mediation, and does not object to the other fees. The parties are more familiar with the circumstances of this action than this Court, and because the City has no objection to the other fees, this Court trusts that Plaintiff's Bill of Costs is accurate and recommends that costs be taxed against the City as detailed below.

### 1. Fees to the Clerk

Plaintiff seeks to recover a total of **$150.00** in filing fees paid to the clerk. [DE 103-2, p. 1]. Recovery of fees to the clerk is authorized under 28 U.S.C. § 1920(1); therefore Plaintiff is entitled to the full amount.

### 2. Fees for service of summons and subpoena

Plaintiff is entitled to recover private process server fees. *See For Play Ltd. v. Bow To Stern Main., Inc.*, Case No. 05-22002-CIV-KING, 2006 WL 3662339, * 12 (S.D. Fla. Nov. 6, 2006). Plaintiff seeks a total of **$150.00** of process-server fees [DE 103-2, p. 1] and is entitled to the full amount.

### 3. Court reporter fees and transcript costs

Plaintiff seeks to recover $1,011.55 for court reporter fees and transcript costs. [DE 103-2, p. 1]. Taxation of court reporter fees for depositions is authorized by § 1920(2), so long as the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). However, shipping and handling charges by the stenographer are not taxable. *See United States v. Davis*, 87 F. Supp. 2d 82, 90 (D.R.I. 2000). Therefore, Plaintiff cannot recover the $6.95 delivery cost of the Roy Brown deposition transcript. [*see* DE 103-2, p. 11]. Accordingly, Plaintiff should recover **$1,004.60** for court reporter fees and transcript costs.

### 4. Copying costs

Copying costs are recoverable under § 1920(4) if the copies were necessarily obtained

for use in the case. *See For Play Ltd.*, 2006 WL 3662339, * 10. It is not necessary that the photocopies be used at trial or in any papers filed with the court to be taxable. *W & O*, 213 F.3d at 624. Plaintiff seeks to recover **$1,637.30** in copying costs based on $.10 a page [DE 103-2, pp.1, 15-20], and is entitled to the full amount.

### 5. Fees for mediation

Plaintiff seeks to recover $288.75 for mediation fees. Under § 1920 mediation costs are not recoverable. *See Bates v. Islamorada, Village of Islands,* Case No. 04-10114-Civ-Moore/Garber, 2007 WL 2113586, *17 (S.D.Fla. July 23, 2007) ("[M]ediation costs are not recoverable pursuant to Rule 54(d) and 28 U.S.C. § 1920" (citing, among others, *Cook Children's Med. Ctr. v. N. England PPO Plan of Gen. Consol. Mgmt., Inc.,* 491 F.3d 266, 274-77 (5th Cir. 2007); *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006)).[8]

Accordingly, Plaintiff should be awarded **$2,941.90** in costs.

## III. Conclusion

This Court **RECOMMENDS** that Plaintiff's Motion to Tax Costs [DE 103] be **GRANTED IN PART** and that the Court enter final judgment against the City, in favor of Plaintiff, for costs in the amount of **$2,941.90.**

It is further **RECOMMENDED** that Plaintiff's Verified Petition for Attorney's Fees [DE 109] be **GRANTED IN PART** and that the Court enter final judgment against the City,

---

[8] The Court recognizes that mediation fees may be recovered under the ADA. *See, e.g. Hansen*, 420 F.Supp.2d at 1354-55. Plaintiff, however, has not moved to recover his costs under the ADA, and has relies only on Rule 54(d) for his claims of entitlement.

in favor of Plaintiff, for attorneys' fees in the amount of **$117,810.00.**

### IV.   Objections Period

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Shelby Highsmith within **10 days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 24th day of March, 2008.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies to:*
   The Honorable Shelby Highsmith
   All counsel of record